UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM K. THOME, JR. | ) | CASE NO. 1:11 CV 2581 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| LAKE ERIE CORRECTIONAL | ) | AND ORDER |
| MEDICAL MANAGEMENT & | ) | |
| TRAINING CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro Se* plaintiff William Thome, Jr. filed this action under 42 U.S.C. § 1983 against Lake Erie Correctional Institution ("LECI") Medical Management & Training Corporation ("MTC"), LECI Warden Richard Gansheimer, and LECI Health Care Administrator Linda Gillespie. In the Complaint, plaintiff alleges defendants failed to provide him with adequate medical treatment in violation of the Eighth and Fourteenth Amendments. He seeks monetary and injunctive relief.

I. Background

Plaintiff is a state prisoner currently incarcerated at LECI, a private prison owned and operated by MTC. Prior to his incarceration at LECI, plaintiff was incarcerated at Lorain

1

Correctional Institution. While there, plaintiff alleges he was seen by unidentified doctors for degenerative arthritis resulting from a broken wrist that had not healed properly. Plaintiff asserts these doctors ordered x-rays of his left wrist and determined surgery was necessary. Before this surgery could be performed, plaintiff was transferred to LECI.

Upon arriving at LECI in November 2008, plaintiff informed medical staff of his condition and requested that surgery be scheduled for his left wrist. His requests apparently went unheeded. In March and April 2009, plaintiff filed two Health Service Requests, complaining of significant pain and demanding LECI arrange for the surgery allegedly ordered by his previous doctors. (Doc. 1 at Exhs. A, B). He also filed two Informal Complaint Resolutions in April 2009, both of which were denied. (Doc. 1 at Exhs. F, G).

Approximately a year later, in March 2010, plaintiff sent a kite to Deputy Warden Joyce again requesting surgery for his left wrist. (Doc. 1 at Exh. C). He sent another kite to Deputy Warden Compton on April 26, 2010 with the same request. Compton responded, stating "I spoke with Nurse Gillespie yesterday . . . She states that you just recently had a referral to a hand surgeon and this was approved . . You will be scheduled." (Doc. 1 at Exh. D). A month later, plaintiff sent another kite to Deputy Warden Compton asking for a status update regarding his referral to a hand surgeon. (Doc. 1 at Exh. E). On June 1, 2010, Compton replied, indicating that "[o]n 2-2-10 this was denied by MTC medical, but it was approved and scheduled." (Doc. 1 at Exh. E).

Plaintiff asserts defendants did not authorize wrist surgery. On October 8, 2011, he filed a Notification of Grievance asserting Warden Gansheimer had failed to take corrective action to address plaintiff's complaints regarding denial of medical care. (Doc. 1 at Exh. H). Plaintiff also claimed he continued to experience pain in his wrist, and that "[b]ased upon information and belief,

2

the medical costs of performing the surgery is the contributing factor to why Nurse Gillespie, HCA and the warden does not want to undertake treatment." (Doc. 1 at Exh. H). On October 26, 2011, the Chief Inspector denied plaintiff's Grievance on the ground he had failed to timely pursue this issue through the inmate grievance procedure after prison staff responded to his April 2009 informal complaint. (Doc. 1 at Exh. I). The Chief Inspector also noted plaintiff "had failed to clearly show where Warden Gansheimer was personally and knowingly involved in a violation of law, rule or policy and approved it or did nothing to prevent it." (Doc. 1 at Exh. I).

Plaintiff filed the instant Complaint on November 28, 2011, asserting claims for relief under the Eighth and Fourteenth Amendments based on defendants' alleged refusal to authorize surgery for his wrist. He seeks injunctive and monetary relief.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

*Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

#### A. Proper Parties

Plaintiff names "Lake Erie Correctional Medical Management & Training Corp. MTC" as a defendant. It is unclear whether plaintiff intends to sue LECI, MTC or both. To the extent plaintiff intends to sue LECI, it is not a proper party to this action. LECI is not a legal entity capable of being sued. Rather, it is a facility owned and operated by MTC. *See e.g., Nolan v. Lake Erie Correctional Inst.*, No. 1:11-CV-2227, 2012 WL 33023 at *3 (N.D. Ohio Jan. 6, 2012). Any claims against LECI, therefore, are construed against MTC.

The Court finds plaintiff fails to state a claim against MTC under § 1983. As a general rule,

4

a government employer may not be sued under § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Svcs.*, 436 U.S. 658, 691 (1978). While MTC is a private corporation, it may be considered to be a state actor for purposes of § 1983. *See Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996); *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) ("It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under§ 1983 as one acting 'under color of state law'"). To be held liable under § 1983, plaintiff must establish that the execution of MTC's policy or custom inflicted the injury he sustained. *Monell*, 436 U.S. at 694. While plaintiff states generally that defendants denied him medical care through "ongoing practices or customs" of MTC (Doc. 1 at 3), he provides no further factual allegations regarding any specific policy or custom of MTC that resulted in his injury.

To meet the pleading requirements of Federal Civil Rule 8, plaintiff must allege enough facts to raise his right to relief above the speculative level assuming all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. In other words, plaintiff must include more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* Plaintiff does not do so, and, even liberally construing his claim, he has offered no factual allegations suggesting his alleged injury resulted from the execution of a policy or custom of MTC. *See Iqbal*, 129 S.Ct. at 1949. Accordingly, the Court finds plaintiff's claims against MTC must be dismissed pursuant to § 1915(e).

Plaintiff's claims against defendants Gansheimer and Gillespie in their official capacities as Warden and Health Care Administrator, respectively, are necessarily construed as claims against

5

MTC. *See Monell*, 436 U.S. at 690, n. 5 ("Official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). Because any claims against MTC are barred for the reasons set forth above, plaintiff's claims for damages against Gansheimer and Gillespie in their official capacities as agents of MTC are also subject to dismissal under § 1915(e).

The Court also finds plaintiff fails to state a claim against Warden Gansheimer in his individual capacity. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint does not contain any facts suggesting Warden Gansheimer was personally involved in the alleged decision to deny plaintiff medical care.

It appears plaintiff may have named Warden Gansheimer as a defendant because, as the Warden, he is the supervisor of all personnel at the prison. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)). Rather, a supervisor must have actively engaged in unconstitutional behavior. *Id.* Therefore, liability must lie upon more than a mere right to control employees and cannot rely on simple negligence. *Id.* In order for liability to attach to Warden Gansheimer, plaintiff must prove that he did more than play a passive role in the alleged violations or show mere tacit approval of the goings on. *Id.* He must show the Warden somehow encouraged or condoned the actions of his subordinates. *Id. See also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).

There are no allegations in the Complaint reasonably suggesting that Warden Gansheimer actively engaged in unconstitutional behavior relating to the alleged denial of medical care to plaintiff. Accordingly, the claims against him under § 1983 must be dismissed.

In light of the above, the Court finds the only potential claims remaining are plaintiff's individual capacity claims against defendant Gillespie.[2] The Court now considers the merits of those claims, below.

### B.     Eighth Amendment

Plaintiff claims defendant Gillespie was deliberately indifferent to his serious medical needs by failing to ensure plaintiff received surgery on his left wrist. Specifically, he asserts defendant Gillespie "deliberately overlooked the treating physician's recommended treatment for Plaintiff's medical condition on the basis of economic cost." (Doc. 1 at 2).

The Eighth Amendment prohibits prison officials from "unnecessarily and wantonly inflicting pain" on prisoners by acting with "deliberate indifference" to prisoners' serious medical needs. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Failure to provide medical care may rise to the level of a violation of the cruel and unusual punishment clause of the Eighth Amendment where objective and subjective requirements are met. *Harrison v. Ash*, 539 F.3d 510, 517-18 (6th Cir. 2008).

To satisfy the objective component, the injury must be sufficiently serious. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (stating that Eighth Amendment is implicated by the "unnecessary

---

[2]     Although not named as defendants in the caption of his Complaint, plaintiff names "Jane Doe" and "John Doe" as defendants in the body of his Complaint. Plaintiff does not indicate the nature of the positions these Doe defendants held or what role they allegedly played in the denial of medical care at issue. In the absence of such information, the Court finds plaintiff has failed to include sufficient allegations to state claims against these Doe defendants.

and wanton infliction of pain" and not "inadvertent failure to provide adequate medical care"); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) (requiring that the prisoner demonstrate more than "mere discomfort or inconvenience"). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897. *See also Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Id.* at 834. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)).

The Court finds plaintiff has not established defendant Gillespie acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer*, 511 U.S. at 837. Mere negligence will not suffice. *Id.* at 835-36. In the instant case, there are very few factual allegations regarding the actions of defendant Gillespie. The Complaint alleges plaintiff sent Health Services Requests to defendant Gillespie requesting surgery on his wrist, and that she refused

8

to authorize this surgery "on the basis of economic cost." (Doc. 1 at 2). He further alleges generally that he received no treatment for his medical condition and that surgery was not performed. (Doc. 1 at 4).

The documentation attached to the Complaint, however, indicates that, in April 2010, Deputy Warden Compton spoke with defendant Gillespie, who indicated that plaintiff was approved for a referral to visit a hand surgeon. (Doc. 1 at Exhs. D, E). Thus, while plaintiff ultimately did not receive surgery for his wrist, it appears defendant Gillespie did provide plaintiff with some medical attention relating to his concerns. It is simply not clear that defendant Gillespie was the individual responsible for plaintiff's failure to receive surgery. The Complaint and its attachments do not set forth any allegations reasonably suggesting that defendant Gillespie personally denied him authorization for surgery or otherwise acted with criminal recklessness or conscious disregard for his health. The mere fact that plaintiff did not receive surgery when previous doctors had recommended it does not, standing alone, demonstrate that defendant Gillespie was deliberately indifferent to plaintiff's medical needs in violation of the Eighth Amendment.

Accordingly, plaintiff's Eighth Amendment claims against defendant Gillespie in her individual capacity are dismissed pursuant to § 1915(e).

### C. Fourteenth Amendment

Plaintiff also claims without explanation that he is raising a claim under the Fourteenth Amendment. Based on the content of the pleading, the Court liberally construes this as an attempt to assert a claim for denial of substantive due process.

Due process claims of this nature involve official acts which cause a deprivation of a substantive fundamental right. *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993). In addition,

under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agent. *Id.* at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.*

In the instant case, plaintiff's substantive due process claim appears to be based on the allegation that defendants' failure to provide medical care was so severe that it "shocks the conscience." Where a specific Amendment provides an explicit source of constitutional protection against a particular sort of governmental conduct, however, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

This Court has already considered plaintiff's denial of medical care claims in the context of the Eighth Amendment, *infra*. His substantive due process claim is, therefore, dismissed as duplicative.

## IV. Conclusion

Accordingly, this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

---

[3] 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: January 26, 2012