UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILLIAM K. THOME, JR. | CASE NO. 1:11 CV 2581 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| | MEMORANDUM OF OPINION |
| LAKE ERIE CORRECTIONAL | & ORDER |
| MEDICAL MANAGEMENT & | |
| TRAINING CORP., *et al.*, | |
| Defendants. | |

This matter is before the Court upon *pro se* plaintiff William Thome, Jr.'s Motion for Relief from Judgment Pursuant to Fed. R. Civ. Proc. 60(b). (Doc. 6). In that Motion, plaintiff asks this Court to reconsider its January 27, 2012 Opinion & Order, dismissing this action pursuant to 28 U.S.C. § 1915(e). (Doc. 4). For the following reasons, the Motion is denied.

### I. Background

Plaintiff is a state prisoner, incarcerated at Lake Erie Correctional Institution ("LECI"). He filed a Complaint on November 28, 2011 against LECI Medical Management & Training Corp ("MTC"),[1] LECI Warden Richard Gansheimer, and LECI Health Care Administrator Linda Gillespie. In the Complaint, plaintiff alleged defendants failed to provide him with adequate medical

---

[1] LECI is a private prison owned and operated by Medical Management & Training Corporation.

1

treatment in violation of the Eighth and Fourteenth Amendments.

On January 27, 2012, the Court dismissed the Complaint pursuant to § 1915(e). The Court found plaintiff failed to state claims against LECI because it is not a legal entity capable of being sued. The Court further found that, although MTC is subject to suit under 42 U.S.C. § 1983, plaintiff failed to allege any specific policy or custom of MTC that resulted in his injury.[2] Plaintiff's individual capacity claims against defendant Gansheimer were dismissed because plaintiff failed to allege any facts suggesting this defendant was personally involved in the alleged decision to deny plaintiff medical treatment or had otherwise actively engaged in unconstitutional behavior. Finally, the Court denied plaintiff's Eighth Amendment individual capacity claim against defendant Gillespie because plaintiff failed to allege facts indicating this defendant was the individual responsible for plaintiff's failure to receive wrist surgery.

Plaintiff filed his Motion for Relief from Judgment under Rule 60(b) on March 19, 2012. In that Motion, plaintiff reiterates allegations included in his Complaint and argues the Court erred in finding his claims lacked merit.

## II. Standard of Review

Federal Rule of Civil Procedure 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the

---

[2] Because plaintiff's official capacity claims against defendants Gansheimer and Gillespie are necessarily construed as claims against MTC, the Court dismissed these claims as well.

> judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993). *See also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542 (6th Cir. 2004). Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial complaint. *See e.g. Walker v. WBKO Television*, 2002 WL 123630 at ** 2 (6th Cir. Jan. 28, 2002) (citing *Mastini v. American Tel. & Tel. Co.*, 369 F.2d 378, 379 (2nd Cir. 1966)). Rather, the purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when that judgment rests on a defective foundation. It does not afford a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, new legal theories, or proof. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir.2001).

### III. Analysis

Because plaintiff's Motion does not invoke any of the first five grounds for relief enumerated in the Rule, the Court will construe it under subsection (b)(6) which permits a district court to grant a 60(b) motion for "any other reason justifying relief" from judgment.[3] This subsection, however, is only properly invoked in "unusual or extreme situations where principles of equity mandate

---

[3] The Court notes plaintiff's Motion does not allege mistake, inadvertence, excusable neglect, fraud, misrepresentation, or misconduct of an adverse party. *See* Rule 60(b)(1) & (3). Further, it does not reference any newly discovered evidence or argue the Court's earlier judgment is void. *See* Rule 60(b)(2) & (4). Finally, plaintiff does not allege facts suggesting any of the bases set forth in Rule 60(b)(5).

3

relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). *See also Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). It is an extraordinary remedy by nature and the Court has "especially broad" discretion in considering a Motion under this subsection. *See Johnson*, 357 F.3d at 543; *Hopper*, 867 F.2d at 294.

In support of his Motion, plaintiff asserts his Complaint adequately stated claims for deliberate indifference to his serious medical needs. He reiterates the allegations set forth in his Complaint and argues again that all defendants are liable under the Eighth and Fourteenth Amendments for their failure to authorize surgery on his wrist. Even construed liberally, plaintiff's motion does nothing more than restate the allegations and arguments contained in his Complaint. A movant under Rule 60(b) fails to demonstrate entitlement to relief under any subsection when he simply rephrases his prior allegations. *Johnson*, 357 F.3d at 543. This Rule does not permit parties to relitigate the merits of claims or to raise new claims that could have been raised during the litigation of the case or in the initial Complaint. *See e.g. Walker v. WBKO Television*, 2002 WL 123630 at \*\* 2 (6th Cir. Jan. 28, 2002) (citing *Mastini v. American Tel. & Tel. Co.*, 369 F.2d 378, 379 (2nd Cir. 1966)). Plaintiff does not allege an "unusual or extreme situation" that would justify relief in this case. Accordingly, the Court finds plaintiff has not set forth any grounds to justify granting the extraordinary relief available under Rule 60(b).

### IV. Conclusion

Plaintiff's Motion for Relief from Judgment under Rule 60(b) (Doc. 6) is denied.

4

IT IS SO ORDERED.

_____ 3/23/12
DONALD C. NUGENT
UNITED STATES DISTRICT COURT